IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>FIDEL MARTINEZ,<br><br>                    Defendant. | 4:16-CR-3051<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant's sentencing statement (filing 39) objects to the presentence report.

      IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant's sentencing statement (filing 39) objects to the presentence report: specifically, ¶¶ 58-61 of the defendant's criminal history are evidently based on docket entries because the probation office's "request for offense reports has not been returned[,]" and the defendant objects that "docket entries alone are insufficient to assess [criminal history] points". Filing 39 at 1.

   The government has the initial burden of proving the fact of a defendant's prior conviction by a preponderance of the evidence, after which it is the defendant's burden to show his prior convictions were not constitutionally valid. *United States v. Dodson*, 817 F.3d 607, 610 (8th Cir. 2016); *United States v. Stapleton*, 316 F.3d 754, 756 (8th Cir. 2003); *see United States v. Rodriguez*, 711 F.3d 928, 940 (8th Cir. 2013). But an actual judgment of conviction is not required; rather, documentation must simply be accurate and reliable. *Rodriguez*, 711 F.3d at 940; *see United States v. Stobaugh*, 420 F.3d 796, 803 (8th Cir. 2005). And contrary to the defendant's suggestion, a docket sheet may provide sufficient evidence to show the fact of a defendant's prior conviction and the sentence imposed. *See Rodriguez*, 711 F.3d at 940; *see also*, *United States v. Jaquez-Torres*, 432 F. App'x 128, 129–30 (3d Cir. 2011); *United States v. McKenzie*, 539 F.3d 15, 19 (1st Cir. 2008); *United States v. Ayuso*, 272 F. App'x 833, 836 (11th Cir. 2008); *United States v. Cousin*, 219 F. App'x 190, 194 (3d Cir. 2007); *United States v. Simpson*, 94 F.3d 1373, 1381 (10th Cir. 1996); *cf.*, *United States v. Brown*, 206 F. App'x 640, 642 (8th Cir. 2006); *Stobaugh*, 420 F.3d at 803; *United States v. Dickens*, 879 F.2d 410, 411–12 (8th Cir. 1989).

   The government is, of course, required to meet its burden of proof by laying appropriate foundation for the docket sheet and making it part of the record at sentencing. *See United States v. Cochrane*, 608 F.3d 382, 383–84 (8th Cir. 2010). Accordingly, the Court will resolve the defendant's objection on the evidence presented at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 26th day of July, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge